IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02869-GPG

JUSTIN COOKE,

    Plaintiff,

v.

BOROUGH OF KEANSBURG,
KEANSBURG POLICE DEPARTMENT,
KEANSBURG MUNICIPAL COURT,
CHRISTOPHER ROGAN, individually and in his official capacity as a Police Officer
    for the Borough of Keansburg,
JASON LOPEZ, individually and in his official capacity as a Police Officer
    for the Borough of Keansburg,
JOSEPH PENNACCHIA, individually and in his official capacity as a Police Dispatcher
    for the Borough of Keansburg,
GERALD MASSELL, individually and in his official capacity as Municipal Prosecutor
    for the Borough of Keansburg, and
MICHAEL PUGLIESE, individually and in his official capacity as Municipal Judge
    for the Borough of Keansburg,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Justin Cooke, resides in Boulder, Colorado. He initiated this action on October 21, 2014, by filing a Complaint (ECF No. 1) pursuant to 42 U.S.C. §§ 1983 and 1985 against Keansburg, New Jersey, Defendants. Plaintiff complained about his arrest and prosecution in Keansburg for possession of medical marijuana. Mr. Cooke also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3). The application to proceed was granted.

    On October 24, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Cooke to show cause within thirty days why this action should not

be dismissed without prejudice for improper venue. The October 24 order pointed out that 28 U.S.C. § 1391(b) sets forth the rules that govern venue in federal courts. In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Magistrate Judge Boland explained that "[a] court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

As previously stated, the Defendants do not reside in Colorado. Magistrate Judge Boland noted that the Complaint did not contain any allegations to indicate that the acts complained of occurred in the District of Colorado, and it did not appear that the interests of justice necessitate a transfer of this action to another jurisdiction.

Mr. Cooke has failed within the time allowed to show cause as directed or

otherwise communicate with the Court in any way.  Therefore, the Complaint and the action will be dismissed without prejudice for Mr. Cooke's failure to show cause as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Cooke files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Justin Cooke, to show cause as directed within the time allowed, and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  3rd  day of   December  , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

3